# Exhibit

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Queens

-------------------------------------X

ROBIN COPELAND

                              Plaintiff/Petitioner,

               - against -                            Index No. 705208/2021

WAL-MART STORES EAST, LP AND WAL-MART STORES EAST, INC.

                            Defendant/Respondent.

-------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

      The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

      Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 03/08/21

| | | |
|---|---|---|
| Howard Schatz | (Signature) | 25 West 43rd Street, Suite 711 (Address)<br>New York, NY 10036 |
| | (Name) | |
| Silbowitz & Garafola | | (212)354-6800 (Phone) |
| | (Firm Name) | rlove@nylawyer.net (E-Mail) |

To: _____

      _____

      _____

4/8/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
ROBIN COPELAND

                                Plaintiff(s),

        -against-

WAL-MART STORES EAST, LP AND WAL-MART
STORES EAST, INC.

                                Defendant(s).
-----------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates Queens
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
1530 Hassock Street, Apt. 5A
Far Rockaway, NY 11691
County of Queens

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     Great Neck, NY
              March 8, 2021

HOWARD SCHATZ
SILBOWITZ, GARAFOLA, SILBOWITZ,
SCHATZ & FREDERICK, LLP
ATTORNEY FOR PLAINTIFF(S)
ROBIN COPELAND
55 WATER MILL LANE, SUITE 400
GREAT NECK, NY 11021
(212) 354-6800
Our File No. 202001544

TO:
Wal-Mart Stores East, LP
111 8th Avenue
New York, NY 10011

Wal-Mart Stores East, Inc.
111 8th Avenue
New York, NY 10011

FILED: QUEENS COUNTY CLERK 03/08/2021 07:42 AM
NYSCEF DOC. NO. 1

INDEX NO. 705208/2021
RECEIVED NYSCEF: 03/08/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
ROBIN COPELAND

                        Plaintiff(s),

-against-

WAL-MART STORES EAST, LP AND WAL-MART STORES EAST, INC.

                        Defendant(s).
-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff by her attorneys, **SILBOWITZ, GARAFOLA, SILBOWITZ, SCHATZ & FREDERICK, LLP** complaining of the Defendants, respectfully alleges, upon information and belief:

1. That at all times herein mentioned, the Plaintiff was, and still is a resident of the County of Queens, State of New York.

2. That at all times herein mentioned, the Defendant **WAL-MART STORES EAST, LP** was and still is a foreign limited partnership, duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times herein mentioned, the Defendant **WAL-MART STORES EAST, LP** maintained a principal place of business in the County of New York, State of New York.

4. That at all times herein mentioned, the Defendant **WAL-MART STORES EAST, INC.** was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times herein mentioned, the Defendant, **WAL-MART STORES EAST, INC.** maintained a principal place of business in the County of New York, State of New York.

FILED: QUEENS COUNTY CLERK 03/08/2021 07:42 AM
NYSCEF DOC. NO. 1

INDEX NO. 705208/2021
RECEIVED NYSCEF: 03/08/2021

6. That at all times herein mentioned, the Defendant, **WAL-MART STORES EAST, LP** owned the premises and appurtenances and fixtures thereto, located at Walmart, 77 Green Acre Road South, in the Town of Valley Stream, County of Nassau, State of New York.

7. That at all times herein mentioned, and upon information and belief, the Defendant, **WAL-MART STORES EAST, LP** managed the aforesaid premises.

8. That at all times herein mentioned, and upon information and belief, the Defendant, **WAL-MART STORES EAST, LP** controlled the aforesaid premises.

9. That at all times herein mentioned, and upon information and belief, the Defendant, **WAL-MART STORES EAST, LP** maintained the aforesaid premises.

10. That at all times herein mentioned, and upon information and belief, the Defendant, **WAL-MART STORES EAST, LP** repaired the aforesaid premises.

11. That at all times herein mentioned, the Defendant, **WAL-MART STORES EAST, INC.** owned the premises and appurtenances and fixtures thereto, located at Walmart, 77 Green Acre Road South, in the Town of Valley Stream, County of Nassau, State of New York.

12. That at all times herein mentioned, and upon information and belief, the Defendant, **WAL-MART STORES EAST, INC.** managed the aforesaid premises.

13. That at all times herein mentioned, and upon information and belief, the Defendant, **WAL-MART STORES EAST, INC.** controlled the aforesaid premises.

14. That at all times herein mentioned, and upon information and belief, the Defendant, **WAL-MART STORES EAST, INC.** maintained the aforesaid premises.

15. That at all times herein mentioned, and upon information and belief, the Defendant, **WAL-MART STORES EAST, INC.** operated the aforesaid premises.

FILED: QUEENS COUNTY CLERK 03/08/2021 07:42 AM
NYSCEF DOC. NO. 1

INDEX NO. 705208/2021
RECEIVED NYSCEF: 03/08/2021

16. That on or about May 08, 2019, Plaintiff **ROBIN COPELAND** was lawfully on the aforesaid premises.

17. That on or about May 08, 2019, while Plaintiff **ROBIN COPELAND** was lawfully on the aforesaid premises, she was caused to slip and fall and sustain serious and permanent injuries.

18. That the above-mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

19. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

20. That by reason of the foregoing, Plaintiff **ROBIN COPELAND** was caused to sustain serious injuries and to have suffered pain and suffering; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

21. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

FILED: QUEENS COUNTY CLERK 03/08/2021 07:42 AM
NYSCEF DOC. NO. 1

INDEX NO. 705208/2021
RECEIVED NYSCEF: 03/08/2021

Dated:    Great Neck, NY
             March 8, 2021

Yours, etc.

HOWARD SCHATZ
SILBOWITZ, GARAFOLA, SILBOWITZ,
SCHATZ & FREDERICK, LLP
ATTORNEY FOR PLAINTIFF(S)
ROBIN COPELAND
55 WATER MILL LANE, SUITE 400
GREAT NECK, NY 11021
(212) 354-6800
Our File No. 202001544

## ATTORNEY'S VERIFICATION

HOWARD SCHATZ, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SILBOWITZ, GARAFOLA, SILBOWITZ, SCHATZ & FREDERICK, LLP, attorneys of record for Plaintiff(s), **ROBIN COPELAND**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:  Great Neck, NY
        March 8, 2021

_____
HOWARD SCHATZ

FILED: QUEENS COUNTY CLERK 03/08/2021 07:42 AM
NYSCEF DOC. NO. 1

INDEX NO. 705208/2021
RECEIVED NYSCEF: 03/08/2021

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ROBIN COPELAND

                Plaintiff(s),

  -against-

WAL-MART STORES EAST, LP AND WAL-MART STORES EAST, INC.

                Defendant(s).

**SUMMONS AND VERIFIED COMPLAINT**

**Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP**
*Attorneys for Plaintiff(s)*
**55 Water Mill Lane, Suite 400
Great Neck, NY 11021
(212) 354-6800**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon, information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: March 8, 2021

                                    Signature _____
                                                     Howard Schatz

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------X

ROBIN COPELAND,

        Plaintiff(s),

-against-

WAL-MART STORES EAST, LP AND WAL-MART
STORES EAST, INC.,

        Defendant(s).

-----------------------------------------------------------------X

Index No.: 705208/2021

**VERIFIED ANSWER**

The defendant, WAL-MART STORES EAST, LP ISHA AS "WAL-MART STORES EAST, LP AND WAL-MART STORES EAST, INC.", by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

2: Defendant denies the allegations set forth in paragraph marked "2" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

3: Defendant denies the allegations set forth in paragraph marked "3" and each and every part thereof.

4: Defendant denies the allegations set forth in paragraph marked "4" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

5: Defendant denies the allegations set forth in paragraph marked "5" and each and every part thereof.

6: Defendant denies the allegations set forth in paragraph marked "6" except admits that WAL-MART STORES EAST, LP is the operator of the Valley Stream Walmart store, leaving all other questions to the Court.

7: Defendant denies the allegations set forth in paragraphs marked "7", "8", "9", "10", "11", "12", "13", "14" and "15" except admits that WAL-MART STORES EAST, LP is the operator of the Valley Stream Walmart store, leaving all other questions to the Court.

8: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "16" and "17" and each and every part thereof.

9: Defendant denies the allegations set forth in paragraphs marked "18", "19" and "20" and each and every part thereof.

10: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "21" and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP ISHA AS "WAL-MART STORES EAST, LP AND WAL-MART STORES EAST, INC.", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
      March 16, 2021

Yours, etc.

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 21-213 PC

TO: SILBOWITZ, GARAFOLA, SILBOWITZ, SCHATZ & FREDERICK, LLP
Attorneys for Plaintiff
55 Water Mill Lane, Suite 400
Great Neck, New York 11021
(212) 354-6800
File No.: 202001544

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      March 16, 2021

 

                                              PATRICIA A. O'CONNOR